**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| TEMPUR SEALY INTERNATIONAL, INC., TEMPUR-PEDIC MANAGEMENT, INC., TEMPUR-PEDIC NORTH AMERICA, LLC, TEMPUR WORLD, LCC, DAN-FOAM APS and SEALY TECHNOLOGY LLC | Civil Action No.  2:23-cv-00383 |
| | JURY DEMANDED |
| Plaintiffs, | |
| v. | |
| LUXURY MATTRESS & FURNITURE, LLC d/b/a LUXURY MATTRESS & FURNITURE | |
| Serve: | |
| SCOTT MCKINNEY, REGISTERED AGENT 605 MCCORD ROAD VALPARAISO, IN 46383 | |
| Defendant. | |

## <u>COMPLAINT</u>

Plaintiffs Tempur Sealy International Inc., Tempur-Pedic Management, Inc., Tempur-Pedic North America, LLC, Dan Foam ApS and Sealy Technology LLC (collectively "Tempur Sealy") bring this Complaint against Defendant Luxury Mattress & Furniture LLC d/b/a Luxury Mattress & Furniture ("Luxury Mattress") and respectfully state as follows:

## JURISDICTION AND VENUE

1.      This is an action for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), false advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c),

2.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, as set forth more fully below, a substantial part of the events or omissions giving rise to Tempur Sealy's claims in this matter occurred in the Northern District of Indiana, and the Defendant is located in the Northern District of Indiana.

## THE PARTIES

4.      Plaintiff Tempur Sealy International, Inc. is a Delaware corporation having its principal place of business at 1000 Tempur Way, Lexington, Kentucky 40511.

5.      Plaintiff Tempur-Pedic Management, Inc. is a Delaware corporation having its principal place of business at 1000 Tempur Way, Lexington, Kentucky 40511.

6.      Plaintiff Tempur-Pedic North America, LLC is a Delaware limited liability company having its principal place of business at 1000 Tempur Way, Lexington, Kentucky 40511.

7.      Plaintiff Tempur World, LLC is a Delaware limited liability company having its principal place of business at 1000 Tempur Way, Lexington, Kentucky 40511.

8.      Plaintiff Dan-Foam ApS is a Danish corporation having its principal place of business at Holmelund 43, Aarup DK-5560, Denmark.

9.      Plaintiff Sealy Technology LLC is a North Carolina limited liability company having its principal place of business at One Office Parkway, Trinity, North Carolina 27370.

10.     Defendant Luxury Mattress & Furniture LLC ("Defendant" or "Luxury Mattress") is an Indiana limited liability company having a principal place of business located at 605 McCord Road, Valparaiso, Indiana 46383.

11.     Upon information and belief, Luxury Mattress is engaged in the business of selling mattresses and other ancillary products throughout the United States, including in this jurisdiction.

**STATEMENT OF RELEVANT FACTS**

I.      **THE TEMPUR-PEDIC BRAND IS KNOWN WORLDWIDE AS A SOURCE OF HIGH-QUALITY BEDDING PRODUCTS.**

12.     Tempur Sealy is involved in the research, development, manufacture, supply, and sale of premium mattresses, pillows, and other comfort products sold bearing the TEMPUR-PEDIC trademarks ("TEMPUR-PEDIC Products").

13.     Tempur Sealy advertises its high-quality TEMPUR-PEDIC Products nationwide, including on television and on the Internet, under the TEMPUR-PEDIC, TEMPUR, TEMPUR-PEDIC & Reclining Figure Design, SEALY and SEALY Butterfly & Design marks, among others.

14.     TEMPUR-PEDIC Products are made from TEMPUR® Material, a type of viscoelastic, temperature sensitive, and pressure relieving foam, the formula for which is proprietary to Tempur Sealy and a valuable, highly confidential trade secret.

15.     Dan-Foam ApS owns a number of trademarks including TEMPUR, TEMPUR-PEDIC, TEMPUR-FLEX, THE GRANDBED BY TEMPUR-PEDIC, THE GRANDPILLOW BY TEMPUR-PEDIC, TEMPUR-CLOUD, THE RHAPSODY BED BY TEMPUR-PEDIC, TEMPUR-HD, TEMPUR-ES, TEMPUR-PEDIC & Reclining Figure Design, TEMPUR, among others, and has registered such marks in the United States Patent and Trademark Office ("USPTO") as follows:

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| TEMPUR | 1,926,469 | Oct. 10, 1995 | Mattresses, Cushions and Furniture Pads Made of Viscous Foam |
| TEMPUR-PEDIC | 1,853,088 | Sept. 6, 1994 | Mattresses, Cushions and Furniture Pads Made of Viscous Foam |
| TEMPUR-FLEX | 3,702,750 | October 27, 2009 | Mattresses, top mattresses, and viscoelastic memory foam mattresses featuring layers which provide varying levels of support |
| THE GRANDBED BY TEMPUR-PEDIC | 3,567,704 | January 27, 2009 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, top mattresses, bolsters and chair pads |
| THE GRANDPILLOW BY TEMPUR-PEDIC | 3,567,705 | January 27, 2009 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, bolsters and chair pads |
| TEMPUR-CLOUD | 3,945,266 | April 12, 2011 | Seating and Couching Mats in the Nature of a Pillow or Seat Liner, Pillows, Cushions, Mattresses, Top Mattresses, Bolsters, and Chair Pads |
| THE RHAPSODY BED BY TEMPUR-PEDIC | 3,319,861 | October 23, 2007 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, top mattresses, bolsters and chair pads |

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| TEMPUR-HD | 3,451,045 | June 17, 2008 | Seating and Couching Mats in the Nature of a Pillow or Seat Liner, Pillows, Cushions, Mattresses, Top Mattresses, Bolsters and Chair Pads. |
| TEMPUR-ES | 3,955,437 | May 3, 2011 | Seating and Couching Mats in the Nature of a Pillow or Seat Liner, Pillows, Cushions, Mattresses, Top Mattresses, Bolsters and Chair Pads. |
| TEMPUR-PEDIC and  Design | 3,900,919 | Jan. 4, 2011 | Seating and Couching Mats in the Nature of a Pillow or Seat Liner, Pillows, Cushions, Mattresses, Top Mattresses, Bolsters, and Chair Pads |
| TEMPUR | 4,242,984 | November 13, 2012 | Footwear |
| BREEZE | 4,042,857 | October 18, 2011 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, toppers for mattresses, bolsters and chair pads |
| TEMPUR | 4,242,985 | November 13, 2012 | Stuffed toy animals |

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| TEMPUR-PEDIC & Reclining Figure Design | 4,363,470 | July 9, 2013 | Retail store services featuring sleep products, namely, mattresses, pillows, cushions and adjustable bed frames |
| TEMPUR-PEDIC | 4,581,571 | August 5, 2014 | Therapeutic pet beds; ear plugs for noise reduction; Mattresses, seat cushions, pillows, bed frames; mattress toppers; chair pads; sofas; sleeper sofas; furniture, namely, home furniture; bed headboards; bed footboards; foot rests; furniture, namely, coffee tables and end tables; Retail store services featuring beds, mattresses, pillows, comforters, bed sheets, bed blankets, candles, fragrances, pajamas, stuffed toy animals and pet beds |
| TEMPUR-ERGO | 4,532,531 | March 20, 2014 | Furniture, namely, beds, bed foundations, adjustable bases, seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, top mattresses, bolsters and chair pads |
| TEMPUR-PROTECT | 5,143,416 | February 14, 2017 | Bedding, namely, pillow protectors, and mattress protectors |
| TEMPUR-PEDIC ERGO | 5,634,015 | Dec. 18, 2018 | Furniture, namely, beds, bed bases, adjustable bed bases, seating and couching mats in the nature of a pillow or seat liner, pillows. |
| BREEZE & Design | 5,635,480 | December 25, 2018 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, toppers for mattresses, bolsters and chair pads |
| TEMPUR-PEDIC & Reclining Figure Design | 5,606,338 | Nov. 13, 2018 | mattresses, seat cushion, pillows, bed frames; mattress toppers; chair pads; sofas; sleeper sofas; furniture, namely, home furniture; bed headboards; bed footboards; foot rests. |

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| TEMPUR-PEDIC ERGO EXTEND | 5,597,087 | October 30, 2008 | Furniture, namely, beds, bed bases, adjustable bed bases, seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, mattress pads, bolsters and chair pads. |
| TEMPUR-LUXE ADAPT | 5,704,405 | March 19, 2019 | Mattresses; seat cushions; pillows; bed frames; mattress toppers; seating cushions; sofas; sleeper sofas |
| SLEEP SOLUTIONS BY TEMPUR-PEDIC | 6,266,866 | February 9, 2021 | Retail store services featuring beds, adjustable bed bases, mattress toppers, mattresses, pillows, travel pillows, seat cushions, mattress covers, comforters, bed sheets, pillow cases, bed blankets, bed comforters, slippers and stuffed animals. |
| TEMPUR-PEDIC SLEEP IS POWER | 5,553,225 | Sept. 4, 2018 | Retail store services and online retail store services featuring bedding and seating products, namely, mattresses, pillows, comforters, bed linens and cushions; marketing of bedding and seating products, namely, mattresses, pillows, comforters, bed linens and cushions. |
| TEMPUR-ADAPT | 5,547,552 | Aug. 21, 2018 | Mattresses; seat cushions; pillows; bed frames; mattress toppers; seating cushions; sofas; sleeper sofas. |
| TEMPUR- PROADAPT | 5,547,547 | Aug. 21, 2018 | Mattresses; seat cushions; pillows; bed frames; mattress toppers; seating cushions; sofas; sleeper sofas. |
| TEMPUR-PEDIC & Reclining Figure Design | 5,665,207 | January 29, 2019 | Mattresses, seat cushion, pillows, bed frames; mattress toppers; chair pads; sofas; sleeper sofas; furniture, namely, home furniture; bed headboards; bed footboards; foot rests; Bed linen; bed sheets, fitted bed sheets, flat bed sheets, crib sheets; comforters; mattress pads; Retail store services featuring beds, mattresses, pillows, comforters, bed sheets, bed blankets, candles, fragrances, pajamas, stuffed animals and pet beds |

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| TEMPUR SEALY | 4,980,596 | June 21, 2016 | Business management and consultation services for the manufacture, marketing, distribution and sale of bedding and seating products, namely mattresses and cushions. |
| TEMPUR+SEALY | 4,980,595 | June 21, 2016 | Business management and consultation services for the manufacture, marketing, distribution and sale of bedding and seating products, namely mattresses and cushions. |
| TEMPUR-BREEZE | 4,746,297 | June 2, 2015 | Beds, bed foundations, adjustable bed bases, seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, top mattresses, bolsters and chair pads. |
| TEMPUR-APR | 5,702,172 | March 19, 2019 | Pressure relieving material sold as an integral component of mattresses, seat cushions, pillows, mattress toppers, sofas and sleeper sofas |
| TEMPUR-PROBREEZE | 5,887,149 | October 15, 2019 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, toppers for mattresses, bolsters and chair pads; Furniture, namely, beds, bed bases, adjustable bed bases. |
| TEMPUR-LUXEBREEZE | 5,887,150 | October 15, 2019 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, toppers for mattresses, bolsters and chair pads; Furniture, namely, beds, bed bases, adjustable bed bases. |
| TEMPUR-ACTIVEBREEZE | 5,905,318 | November 5, 2019 | Seating and couching mats in the nature of a pillow or seat liner, pillows, cushions, mattresses, toppers for mattresses, bolsters and chair pads; Furniture, namely, beds, bed bases, adjustable bed bases. |
| TEMPUR-RESPONSE | 5,928,884 | December 3, 2019 | Mattresses, pillows, cushions, top mattresses, crib mattresses. |
| TEMPUR-CM+ | 5,981,513 | February 11, 2020 | Pressure relieving material sold as an integral component of mattresses, seat cushions, pillows, mattress toppers, sofas and sleeper sofas. |

| Mark | Reg. No. | Reg. Date | Goods |
|------|----------|-----------|-------|
| TEMPUR-APR+ | 5,988,485 | February 18, 2020 | Pressure relieving material sold as an integral component of mattresses, seat cushions, pillows, mattress toppers, sofas and sleeper sofas. |

16.     Tempur Sealy, including through its related company Dan-Foam ApS, also owns registrations for the TEMPUR and/or TEMPUR-PEDIC trademarks in approximately 180 countries throughout the world.

17.     Sealy Technology LLC owns the trademarks SEALY, SEALY POSTUREPEDIC, STEARNS & FOSTER, and many others, and has registered such marks in the United States Patent and Trademark Office ("USPTO") as follows:

| U.S. Reg. No. | Mark | Goods and Services |
|---------------|------|--------------------|
| 6,638,711 |  | IC 024 Household linens; bed linens; mattress covers; pillow covers; bed sheets; bed spreads; comforters; bed blankets and blanket throws; mattress protectors in the nature of mattress pads |
| 6,638,706 | SEALY | IC 024 Household linens; bed linens; mattress covers; pillow covers; bed sheets; bed spreads; comforters; bed blankets and blanket throws; mattress protectors in the nature of mattress pads |
| 1,733,089 | SEALY | IC 20 Mattresses, box springs, sofas, convertible sofas [and waterbeds] |
| 2,271,114 | SEALY | IC 20 Pillows IC 24 Comforters, feather beds, and mattress pads |
| 4,481,852 | SEALY | IC 020 Beds for household pets |
| 2,953,348 | SEALY | IC 020 Furniture, namely, chairs |
| 4,688,812 | SEALY POSTUREPEDIC HYBRID | IC 020 Mattresses, pillows, mattress foundations, adjustable bed bases |
| 4,385,070 | OPTIMUM SEALY POSTUREPEDIC & Design | IC 020 Mattresses, box springs and mattress foundations |

| | OPTIMUM *SEALY POSTUREPEDIC* | |
|---|---|---|
| 1,189,347 | | IC 020 Mattresses and box springs, convertible sofas and chairs, stationary sofas and chairs, and adjustable beds<br><br>(Claims first use of "SEALY" at least as early as January 1, 1888) |
| 677,335 | | IC 020 Mattresses, box springs, and dual-purpose sleeping equipment<br><br>(First Use July 29, 1958) |
| 1,329,627 | | IC 020 Mattresses and box springs<br><br>(First Use June 1, 1984) |
| 981,071 | STEARNS & FOSTER | IC 020 Mattresses<br><br>(First Use 1846) |
| 3,149,345 | STEARNS & FOSTER | IC 020 Pillows<br>IC 024 Beddings, namely, sheets, pillow cases and component parts of such products |

Sealy Technology LLC also owns registrations for SEALY, SEALY POSTUREPEDIC, and/or STEARNS & FOSTER in countries throughout the world.

18.     Each registration is currently valid, subsisting and in full force and effect, and is registered on the Principal Trademark Register of the USPTO.  True and accurate records from

the USPTO's TDSR database reflecting the Certificates of Registration referenced above are attached as **Exhibit A**.

19.     Hereinafter, all of the foregoing names and other marks owned, used, or registered by Tempur Sealy and Sealy Technology LLC shall be referred to individually and collectively as the "TEMPUR-PEDIC Marks."

20.     The TEMPUR-PEDIC Marks and variants thereof have been extensively and continually used, advertised, and promoted by Tempur Sealy within the United States and worldwide for the past twenty years.  Substantial time, effort, and money have been expended over the years in ensuring that the purchasing public associates such marks exclusively with Tempur Sealy.  Tempur Sealy expends millions of dollars each year in connection with its advertisement and promotion of products bearing the TEMPUR-PEDIC Marks to establish these marks in the minds of customers as synonymous with a source of high-quality bedding products.

21.     As a result of Tempur Sealy's dedication to quality and its aggressive marketing, the goodwill associated with the TEMPUR-PEDIC Marks has translated into hundreds of millions of dollars in sales annually.

22.     Because of Tempur Sealy's extensive advertisement and promotion of products bearing the TEMPUR-PEDIC Marks and its hundreds of millions of dollars in sales of TEMPUR-PEDIC Products, the TEMPUR-PEDIC Marks have become famous among the relevant consuming public.

II.     **TO PROTECT AND ENSURE THE QUALITY OF ALL TEMPUR-PEDIC PRODUCTS, AUTHORIZED RETAIL DEALERS ARE THE ONLY ENTITIES ALLOWED TO PROMOTE AND SELL TEMPUR-PEDIC PRODUCTS.**

23.     Tempur Sealy currently sells a variety of mattress models, all of which are associated with various TEMPUR-PEDIC Marks, and which are comprised of variously layered

TEMPUR Material.  Tempur Sealy also sells foundations for its mattresses, as well as other products made from its proprietary TEMPUR Material.

24.     To guarantee and maintain the high quality of goods bearing TEMPUR-PEDIC Marks, Tempur Sealy maintains an authorized network of retail dealers ("authorized retailers") for its TEMPUR-PEDIC Products.  This network includes Tempur Sealy itself, physicians and other health care professionals, local bedding retailers, and select national retailers, all of which have been evaluated, trained, and authorized by Tempur Sealy to sell authorized TEMPUR-PEDIC Products.

25.     Authorized TEMPUR-PEDIC Products are sold only through these authorized channels to ensure that Tempur Sealy's legitimate, substantial, and non-pretextual quality control procedures are followed.  Tempur Sealy provides a limited warranty to customers who purchase authorized TEMPUR-PEDIC Mattresses sold by authorized retailers.

26.     TEMPUR Material is sensitive to heat and cold and can be permanently damaged if not handled properly.  Tempur Sealy takes steps to ensure that each TEMPUR-PEDIC authorized retailer understands and complies with the quality control measures necessary to protect and maintain the TEMPUR Material.

27.     Tempur Sealy trains authorized retailers in the proper sale, promotion, storage, delivery, handling, care, and maintenance of TEMPUR-PEDIC Products, and retailers are required to educate customers on these topics.

28.     Tempur Sealy's Territory Sales Managers visit authorized retailers' stores after initial training to ensure that retailers in each sales territory incorporate the Tempur Sealy training and are actually handling the products properly and providing accurate information to customers.

29.     Authorized retailers agree to comply with the obligations and advertising policies set forth in a retailer agreement.  These retailer agreements, among other things, restrict the authorized retailer's ability to sell TEMPUR-PEDIC Products.  Authorized retailers may sell products to ultimate consumers only.  Tempur Sealy expressly prohibits the sale of TEMPUR-PEDIC Products to any party other than a retail customer.

30.     Tempur Sealy controls the geographic scope of its authorized retailers as well. With the exception of a few select and approved national retailers, authorized retailers may not routinely sell or ship TEMPUR-PEDIC Products outside of their physical store's immediate geographic area, nor may they advertise the ability to ship TEMPUR-PEDIC Products nationwide.

31.     Tempur Sealy also prohibits authorized retailers from selling TEMPUR-PEDIC Products over the Internet.  If an authorized retailer wishes to sell TEMPUR-PEDIC Products over the Internet, it must obtain advanced approval from Tempur Sealy.  Such approval is subject to additional conditions and obligations.

32.     Tempur Sealy provides every authorized retailer with access to the proprietary Tempur Sealy Asset Manager Website.  This website reminds the authorized retailers of the obligations and advertising policies set forth in the retailer agreement.

33.     Because of this quality control, customers enjoy unique, comprehensive warranty protection for all authorized TEMPUR-PEDIC Products sold directly by Tempur Sealy or through an authorized retailer.

34.     Tempur Sealy specifically warrants all authorized TEMPUR-PEDIC Mattresses. The limited product warranty is void if, for example, inappropriate manufacturers' foundations or box springs are substituted for the firm, completely flat, non-spring foundation that TEMPUR-

PEDIC Mattresses require or if the mattress, foundation, or cover has been physically abused, damaged, burned, cut, or torn.

35. Few other mattress and home product manufacturers provide equivalent warranty protection for their products. By providing robust warranty provisions, Tempur Sealy is communicating to consumers that its product is of extremely high quality. Tempur Sealy's reputation and long history as a company that fulfills its warranty obligations enhances the TEMPUR-PEDIC brand.

36. Because TEMPUR Material can be permanently damaged if not handled correctly, Tempur Sealy does not warrant TEMPUR-PEDIC Products sold outside the authorized network ("Non-Authorized Products"), where chain of control and proper handling procedures cannot be verified by Tempur Sealy.

III. **DEFENDANT USES TEMPUR-PEDIC MARKS IN AN UNAUTHORIZED MANNER FOLLOWING TERMINATION AS A TEMPUR SEALY DEALER**

37. On February 2, 2023, Tempur Sealy informed Defendant it had elected to terminate its business relationship with Defendant. More specifically, Tempur Sealy informed Defendant that it had elected to terminate Luxury Mattress as a dealer effective immediately. Tempur Sealy informed Defendant that it was no longer authorized to use and must cease and desist use of the following:

> [A]ll Tempur Sealy trademarks, trade names, logos, images, promotional materials, all point-of-sale materials and promotional materials that bear Tempur Sealy trademarks or are otherwise identifiable as Tempur Sealy Products and remove the same from your store windows, delivery vehicles, website, social media and any other methods used to inform the public you were an authorized Tempur-Pedic®, Sealy® or Stearns &Foster® retailer.

A copy of the February 2, 2023 correspondence from Tempur Sealy to Defendant is attached as **Exhibit B**.

38.     In May 2023, Tempur Sealy learned that despite the formal termination of Defendant Luxury Mattress as an authorized Sealy retailer, Defendant continued to use the TEMPUR-PEDIC Marks in connection with the advertising of its Valparaiso, Indiana retail location.

39.     Tempur Sealy learned that Defendant is displaying Tempur Sealy point-of-sale materials inside its retail location and also in its exterior windows.  Copies of photographs of this objectionable use appear below.







40.     Tempur Sealy also learned that Defendants are using the TEMPUR-PEDIC Marks

to advertise and promote its products on its commercial website, located at

https://bestpricesonbeds.com/.  More specifically, Defendant is using the TEMPUR-PEDIC

Marks to advertise a Therm-A-Sleep pillow that is not genuine as it does not emanate with

Plaintiffs.  An internet screen shot from the Defendant's website showing the improper use of the

TEMPUR-PEDIC Marks appears below.



41.      In May 2023 and again in July 2023, the undersigned counsel for Tempur Sealy

contacted Defendant, placing it on notice of Tempur Sealy's objections and demanding that

Defendant remove all commercial indicia indicating to consumers that Defendant Luxury

Mattress and Tempur Sealy maintain an authorized retail relationship, when they do not.

Defendant did not comply with Tempur Sealy's demands and continues to display point-of-sale

materials and exterior signage containing the famous Reclining Figure Design Mark and SEALY

& Butterfly Design Marks at its Valparaiso, Indiana retail location.  Copies of correspondence

dated May 2, 2023 and July 19, 2023 from the undersigned counsel to Defendant are attached as

**Exhibit C**.

42.      More recently and after providing repeated notice of objection to Defendant, on

August 27, 2023, Tempur Sealy learned that Defendant continues to display Tempur Sealy

signage and point-of-sale materials inside its retail location. Further, Defendant has one Tempur Sealy pillow on display.  Copies of photographs taken on August 27, 2023 showing Defendant's objectionable conduct appear below.







43.     Long after Tempur Sealy adopted and established its strong and valuable
trademark rights, Defendant prominently, consistently, and without the permission or
authorization of Tempur Sealy and with complete knowledge and notice of Tempur Sealy's
intellectual property rights, used the TEMPUR-PEDIC Marks, including Tempur Sealy's world-
famous Reclining Figure Design Mark and SEALY & Butterfly Design Mark in a manner that
was and is likely to confuse customers as to (1) the nature of the relationship between Defendant
and Tempur Sealy and (2) Tempur Sealy's approval of Defendant's business operations
conducted under the names and marks TEMPUR PEDIC & Reclining Figure Design and
SEALY & Butterfly Design Mark.  In spite of actual notice from Tempur Sealy that it
strenuously objected to Defendant's unauthorized use of the TEMPUR-PEDIC Marks,
Defendant has continued to use the TEMPUR-PEDIC Marks to attract customers for the purpose
of selling non-authorized and competing products in a manner that falsely suggests and implies

to consumers that Defendant maintains a relationship with Tempur Sealy as an authorized retailer.

44.     On information and belief, Defendant's unauthorized use of the TEMPUR-PEDIC Marks and its false or misleading representations have confused and are likely to confuse customers into believing that Defendant's business, goods, and services are operated or sold with Tempur Sealy's approval and in compliance with Tempur Sealy's policies and quality control measures.

45.     Because of Tempur Sealy's long, extensive, and substantially exclusive use and sale of its mattresses and other comfort products under the world-famous names and marks TEMPUR PEDIC & Reclining Design Mark and SEALY & Butterfly Design Mark, and Tempur Sealy's significance as a manufacturer and supplier of viscoelastic mattresses and products, Defendant was, at all times, fully aware of Tempur Sealy's trademark rights.

46.     Defendant was, at all times, fully aware of Tempur Sealy's trademark rights because of its actual notice of violation of Tempur Sealy's trademark rights provided on two occasions by Tempur Sealy's outside legal counsel.

47.     Because Tempur Sealy communicated its objection to Defendant's violation of Tempur Sealy's trademark rights, Defendant was fully aware of Tempur Sealy's rights no later than May 2, 2023.  Defendant continues to use the TEMPUR-PEDIC Marks in violation of Tempur Sealy's rights wantonly, willfully, and in bad faith.

48.     Defendant used and continues to use the TEMPUR-PEDIC Marks in bad faith with actual knowledge of (1) Tempur Sealy's ownership of the TEMPUR-PEDIC Marks, (2) the reputation and goodwill in Tempur Sealy's marks, (3) the fact that its use of the TEMPUR-PEDIC Marks and sale of Non-Authorized Products and with competing products violates

Tempur Sealy's policies, and (4) the fact that it does not have the knowledge needed to comply with and fulfill product warranty obligations.

49.     Defendant made and is making prominent and repeated use of Tempur Sealy's name and marks, advertising in a manner that suggests falsely that Defendant is licensed, authorized, or sponsored by Tempur Sealy.

## IV.   DEFENDANT'S WRONGFUL CONDUCT IS WILLFUL.

50.     Defendant was aware of Tempur Sealy's intellectual property and contractual rights at least as early as May 2023, when Tempur Sealy's legal counsel provided Defendant with written notice of its intellectual property rights, its infringement of Tempur Sealy's trademarks, and the unfair practices that had come to Tempur Sealy's attention.

51.     In as early as May 2023, Tempur Sealy demanded that Defendant correct the violations and cease and desist from infringing Tempur Sealy's name, logo, and trademarks. Tempur Sealy communicated, in writing, on at least two occasions, its objections to Defendant's ongoing unauthorized use of the TEMPUR-PEDIC Marks.

52.     Despite its actual notice of Tempur Sealy's trademark rights, Defendant continued or renewed its unlawful activity in the face of Tempur Sealy's objections.

53.     Defendant's continued wrongdoing is wanton, willful, in bad faith, with complete knowledge and notice, and in utter disregard for Tempur Sealy's intellectual property and contractual rights, all for Defendant's financial gain.

## V.   DEFENDANT'S UNLICENSED USE OF THE TEMPUR-PEDIC MARKS DAMAGES TEMPUR SEALY.

54.     As a result of Defendant's actions, the relevant public will be confused, mistaken, and deceived into wrongfully attributing approval and authorization of Defendant's goods, services, and business operations by Tempur Sealy.  Moreover, Defendant's intentional

interference with Tempur Sealy's contractual business relationships, customers, and prospective business opportunities threatens to damage and destroy the market for Tempur Sealy's products.

55.     As a result of Defendant's unlawful conduct, false representations, unfair practices, and other tortious conduct, Tempur Sealy has suffered substantial damages. Defendant's actions as described above have and will continue to irreparably injure Tempur Sealy's goodwill, business reputation, and valuable intellectual property, including its trademarks.

## CAUSES OF ACTION

### COUNT ONE
### (Federal Trademark Infringement in Violation of Section 32 of the Lanham Act)

56.     Tempur Sealy incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

57.     Defendant's unauthorized use, advertising, marketing, and sale of products using Tempur Sealy's registered marks, as alleged herein, is likely to deceive, mislead, and confuse the relevant public.  Defendant's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

58.     Defendant was or should have been, at all times, fully aware of Tempur Sealy's trademark rights.  Tempur Sealy provided Defendant with actual notice of its intellectual property rights and its infringement of Tempur Sealy's trademarks.  Defendant's continued use of the TEMPUR-PEDIC Marks in violation of Tempur Sealy's rights is wanton and willful.  On information and belief, Defendant used and continues to use the TEMPUR-PEDIC Marks in bad faith with actual knowledge of (1) the reputation and goodwill associated with Tempur Sealy's marks and (2) Tempur Sealy's ownership of the TEMPUR-PEDIC Marks.

59.     As a proximate result of the acts of Defendant as alleged herein, Tempur Sealy suffered and will continue to suffer lost profits, while Defendant is unjustly enriched at Tempur Sealy's expense.

60.     As a proximate result of the acts of Defendant as alleged herein, Tempur Sealy suffered and will continue to suffer damage to its goodwill, reputation, and business interests. Tempur Sealy has no adequate remedy at law for such infringement of Tempur Sealy's registered marks.  Unless Defendant is preliminarily and permanently enjoined, Tempur Sealy will continue to suffer irreparable harm.

**COUNT TWO**
**(Unfair Competition in Violation of Section 43 of the Lanham Act)**

61.     Tempur Sealy incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

62.     The TEMPUR-PEDIC Marks and variants thereof, as used in connection with premium mattresses, pillows, and other comfort products are distinctive marks that have become exclusively associated with Tempur Sealy through its continuous, extensive, and widespread use of such marks in advertising, promoting, and marketing its products and services over the past twenty years.  As a result, the TEMPUR-PEDIC Marks exclusively identify Tempur Sealy's business, products, and services.

63.     By reason of Defendant's wrongful use of the TEMPUR-PEDIC name and marks in connection with the sale of Non-Authorized Products and competing products, customers and prospective customers of Defendant's products are deceptively led to believe that Defendant's products are authorized TEMPUR-PEDIC Products covered by the Tempur Sealy warranty and that Defendant is affiliated, connected, associated, sponsored or otherwise approved by Tempur

Sealy, when in fact Defendant has no connection or affiliation whatsoever with Tempur Sealy in regard to such products.

64.     Defendant's unauthorized use in commerce of the TEMPUR-PEDIC Marks and false or misleading representations of fact concerning the products constitute unfair competition/passing off, false designation of origin, and/or false or misleading descriptions or representations of fact, which is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection, or association of Defendant with Tempur Sealy in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     Defendant was at all times fully aware of Tempur Sealy's trademark rights. Tempur Sealy provided Defendant with actual notice of its intellectual property rights. Defendant's continued violations after receiving such notice is wanton and willful.  On information and belief, Defendant used and continues to use the TEMPUR-PEDIC Marks in bad faith with actual knowledge of (1) the reputation and goodwill in Tempur Sealy's marks and (2) Tempur Sealy's ownership of the TEMPUR-PEDIC Marks.

66.     As a proximate result of the acts of Defendant as alleged herein, Tempur Sealy suffered and will continue to suffer lost profits, while Defendant is unjustly enriched at Tempur Sealy's expense.

67.     As a proximate result of the acts of Defendant as alleged herein, Tempur Sealy suffered and will continue to suffer damage to its goodwill, reputation, and business model. Tempur Sealy has no adequate remedy at law for this damage.  Unless Defendant is preliminarily and permanently enjoined, Tempur Sealy will continue to suffer irreparable harm.

**COUNT THREE**
**(False Advertising in Violation of Section 43 of the Lanham Act)**

68.     Tempur Sealy incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

69.     Defendant's use of false or misleading actions and statements regarding Defendant's status as an authorized retailer and regarding the quality, performance and attributes of Tempur Sealy's products, misrepresents the nature, characteristics, and qualities of Defendant's goods, services, and commercial activities, and materially affects customers purchasing decisions in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Defendant was fully aware that its statements were false.  Tempur Sealy provided Defendant with actual notice of its intellectual property rights.  Defendant's continued use of the TEMPUR-PEDIC Marks in violation of Tempur Sealy's rights is wanton and willful.

71.     As a proximate result of the acts of Defendant as alleged herein, Tempur Sealy suffered and will continue to suffer lost profits, while Defendant is unjustly enriched at Tempur Sealy's expense.

72.     As a proximate result of the acts of Defendant as alleged herein, Tempur Sealy suffered and will continue to suffer damage to its goodwill, reputation, and business model. Tempur Sealy has no adequate remedy at law for this damage.  Unless Defendant is preliminarily and permanently enjoined, Tempur Sealy will continue to suffer irreparable harm.

### COUNT FOUR
### (Trademark Dilution in Violation of Section 43 of the Lanham Act)

73.     Tempur Sealy incorporates and adopts by reference each and every allegation in the preceding paragraphs of this Complaint.

74.     The TEMPUR-PEDIC and TEMPUR-PEDIC Reclining Figure Design Mark is arbitrary, fanciful, and/or highly distinctive, as used in connection with premium mattresses and other comfort products and are strong and famous marks as a result of Tempur Sealy's

prominence in the marketplace and extensive advertising and sales of its goods and services under those marks.

75.     Defendant's unauthorized use in commerce of the TEMPUR-PEDIC and TEMPUR-PEDIC Reclining Figure Design marks is likely to tarnish, dilute, and disparage Tempur Sealy's reputation, goodwill, and the TEMPUR-PEDIC Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

76.     Defendant's unauthorized use of the TEMPUR-PEDIC and TEMPUR-PEDIC Reclining Figure Design marks commenced long after the marks became famous.

77.     Defendant was or should have been, at all times, fully aware of Tempur Sealy's trademark rights.  Tempur Sealy provided Defendant with actual notice of its intellectual property rights.  Defendant's continued use of the TEMPUR-PEDIC Marks in violation of Tempur Sealy's rights is wanton and willful.  On information and belief, Defendant used and continues to use the TEMPUR-PEDIC Marks in bad faith with actual knowledge of (1) the reputation and goodwill associated with Tempur Sealy's marks and (2) Tempur Sealy's ownership of the TEMPUR-PEDIC Marks.  Such use violates Tempur Sealy's ability to control the quality of its products and services.

78.     As a proximate result of the acts of Defendant as alleged herein, Tempur-Pedic suffered and will continue to suffer lost profits, while Defendant is unjustly enriched at Tempur Sealy's expense.

79.     As a proximate result of the acts of Defendant as alleged herein, Tempur Sealy suffered and will continue to suffer damage to its goodwill, reputation, and business model. Tempur Sealy has no adequate remedy at law for this damage.  Unless Defendant is preliminarily and permanently enjoined, Tempur Sealy will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Tempur Sealy seeks the following relief:

1.    That Defendant, its officers, agents, affiliates, servants, employees, and attorneys, those persons in active concert or participation with Defendant who receive actual notice of the court's order by personal service or otherwise, any other aliases or company names under which Defendant conducted or attempts to conduct business, and all persons, companies, and entities acting on behalf of Defendant be preliminarily and permanently enjoined from, directly or indirectly, continuing its actions in violation of the Lanham Act, including:

A.    using the TEMPUR-PEDIC Marks or any other trade name, trademark, trade dress, service mark, domain name, designation, symbol, or device containing the TEMPUR-PEDIC Marks, or any variant or any colorable imitations thereof including the TEMPUR-PEDIC Reclining Figure Design Mark that appears on the exterior signage of the Defendant's building,

B.    promoting, offering for sale, or selling Non-Authorized Products or competing products using TEMPUR-PEDIC Marks through a retail store, or through any other means or channels of trade now or hereafter developed;

C.    making any false or misleading representation of fact concerning the source, nature, quality, or characteristics of its businesses, products or services, or warranty bearing, using, or advertised as sold by Defendant under or in connection with TEMPUR-PEDIC Marks, including but not limited to representing falsely that its products are covered by a Tempur Sealy warranty, or that they are an authorized retailer;

D.      making any false or misleading representation of fact concerning the source, nature, quality, or characteristics of TEMPUR-PEDIC Products;

E.      making any false or misleading representation of fact stating or suggesting that Defendant's products contain TEMPUR material;

F.      doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Defendant's products/services, as to the source, nature, composition, or quality of products and/or services created, developed, produced, distributed, marketed, advertised, promoted, sold, or offered for sale by Defendant;

G.      doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Defendant's products/services, as to the status of Defendant's products as authorized TEMPUR-PEDIC Products that come with all the benefit of Tempur Sealy's brand;

H.      doing any act or thing calculated or likely to deceive members of the public or trade, or prospective purchasers, into believing that there is some affiliation, sponsorship, or connection between Defendant and Tempur Sealy or that Defendant's products and/or services are being created, developed, manufactured, distributed, marketed, advertised, promoted, sponsored, offered for sale, or sold by Tempur Sealy or with Tempur Sealy's authorization, consent, approval, or permission; and

I.      attempting to purchase TEMPUR-PEDIC Products or engaging in business with Tempur Sealy, or any Tempur Sealy subsidiary, authorized retailer, or affiliated

company, in its own names, in the name of any other company, alternate account, or alias, or through an agent or representative acting on its behalf;

2. that Defendant, pursuant to 15 U.S.C. § 1118, shall be ordered to deliver up for destruction all mattresses, foundations, and other related products, labels, banners, signs, prints, wrappers, receptacles, articles, advertisements, and promotional materials in its possession or control bearing TEMPUR-PEDIC Marks, or any variants thereof or any name or mark confusingly similar thereto;

3. that Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Tempur Sealy within thirty days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction;

4. that Tempur Sealy recover its actual damages sustained as a result of Defendant's wrongful actions;

5. that Defendant be required to account for and pay over to Tempur Sealy all gains, profits, and advantages realized as a result of Defendant's wrongful actions;

6. that Tempur Sealy recover three times Defendant's profits made as a result of Defendant's wrongful actions, or three times Tempur Sealy's damages, whichever is greater;

7. that as a result of Defendant's ongoing willful and egregious conduct this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be ordered to reimburse Tempur Sealy for its reasonable attorneys' fees;

8. that Tempur Sealy recover its costs of court; and

9. that Tempur Sealy recover such further relief to which it may be entitled.

Respectfully submitted,

Dated: November _____, 2023                By:
                                           /s/     James N. Martin, Jr.,_____
                                               James N. Martin, Jr. (Ind #28668-10)
                                               STEPTOE & JOHNSON PLLC
                                               700 N. Hurstbourne Parkway, Suite 115
                                               Louisville, KY  40222
                                               james.martin@steptoe-johnson.com
                                               Telephone:   502-423-2000
                                               *Attorney for Plaintiffs*