UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TEMPUR SEALY INTERNATIONAL, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUXURY MATTRESS & FURNITURE LLC, <br><br> Defendant. | Case No. 2:23-CV-383-GSL-APR |

## OPINION AND ORDER

There are two matters pending before this Court: Plaintiffs' Motion for Default Judgment [DE 8], and Plaintiffs' Amended Motion for Default Judgment [DE 9]. For the reasons below, Plaintiffs' Motion for Default Judgment [DE 8] is DENIED as moot, and Plaintiffs' Amended Motion for Default Judgment [DE 9] is GRANTED.

## BACKGROUND

Plaintiffs filed the complaint in this legal action on November 9, 2023, asserting claims of (1) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c); and (4) trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c). [DE 1; DE 8-1, pages 1-2].

Defendant was served with the summons and complaint on November 18, 2023. [DE 5]. The Affidavit of Process Server was filed with the Court on November 27, 2023. [DE 5]. When the Defendant failed to file a responsive pleading in this matter or otherwise present a defense,

Plaintiffs filed their Motion for Clerk to Enter Default on January 2, 2024. [DE 6]. The next day, on January 3, 2024, the Clerk entered default against Defendant. [DE 7]. To date, Defendant has not made an appearance or filed a responsive pleading in this matter. Plaintiffs now seek entry of a default judgment against Defendant, awarding Plaintiffs injunctive relief directed to the unauthorized trademark usage set forth in the Complaint and an award of damages in the amount of $20,000.00. [DE 8, DE 9].

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Fed. R. Civ. P. 55. When a defendant fails to answer a complaint or otherwise defend the action and is not a minor or incompetent person, the clerk may make an entry of default. Fed. R. Civ. P. 55(a). Once the clerk has entered default in a case, the moving party may seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). When a court enters a default judgment, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages. Fed. R. Civ. P. 8(b)(6). After a default judgment, the defaulting party cannot contest liability unless the entry of default is vacated under Rule 55(c). Fed. R. Civ. P. 55(c); *VLM Food Trading Intern., Inc. v. Illinois Trading Co.,* 811 F.3d 247, 255 (7th Cir. 2016) (citations omitted). A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Fed. R. Civ. P. 54(c).

## DISCUSSION

A. **Plaintiff's Motion for Default Judgment [DE 8]**

"It is well established that an amended pleading supersedes an original pleading." *Wellness Cmty. v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 2005). Generally, "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the

case." *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674 (7th Cir. 2019) (citing *Wellness Cmty.*, 70 F.3d 46, 49). According to Plaintiffs, the Amended Motion for Default Judgment [DE 9] contains only one new paragraph. Because Plaintiffs have filed an amended pleading, the Court denies as moot the original Motion for Default Judgment [DE 8].

### B. Plaintiff's Amended Motion for Default Judgment [DE 9]

#### i. Liability

Plaintiffs ask this Court to grant their Amended Motion for Default Judgment. [DE 9]. Here, the requirements for default judgment under Rule 55 are satisfied. The record reflects that on January 3, 2024, the clerk made an entry of default against the Defendant because they had failed to plead or otherwise defend this action. [DE 7]. To date, Defendant has not made an appearance nor filed a responsive pleading in this matter. Defendant is a business entity, not a minor or incompetent person. [DE 1, page 3]. For those reasons, the Amended Motion for Default Judgment [DE 9] is GRANTED.

The Defendant is deemed to have admitted the allegations in the complaint by virtue of the default judgment entered against him. Fed. R. Civ. P. 8(b)(6). Therefore, the Defendant is liable for (1) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); (3) false advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c); and (4) trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c). Plaintiffs now seek injunctive relief directed to the unauthorized trademark usage by the Defendant and an award of monetary damages. [DE 8-1, page 2; DE 9-1, pages 4-9].

### ii. Injunctive Relief

It is not uncommon for courts to issue injunctions as part of default judgments. *Virgin Records Am. Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N. D. Ind. 2006). Rule 65(d) requires that an order granting an injunction include the reasons why it was issued, the specific terms, and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). In order to obtain a permanent injunction, a plaintiff must show: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *United States v. Olson,* 98 F.4th 840, 842 (7th Cir. 2024).

Beginning with the first element, "[i]rreparable harm is generally presumed in cases of trademark infringement . . . ." *Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000) (citing *Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 16 (7th Cir. 1992)). This presumption stems from the difficulty of quantifying the likely negative effect on a brand from consumer confusion caused by trademark infringement. *Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 741 (7th Cir. 2013); *see Abbott Lab'ys*, 971 F.2d 6, 16-17.

Applying that presumption here, the Court finds that irreparable harm exists in this case. *Kraft Foods Grp. Brands*, 735 F.3d 735, 741. Plaintiffs allege that Defendant's unlicensed and unpermitted use of Plaintiffs' trademarks has caused and will continue to cause harm to Plaintiffs' goodwill and reputation, and that as a result of Defendant's actions, consumers are

likely to be confused or deceived. The Court finds that Plaintiffs have shown irreparable harm resulting from Defendant's unpermitted use of Plaintiffs' trademarks.

Without a permanent injunction, Plaintiffs would be forced to repeatedly file suit any time the Defendant, who has shown disregard for its legal obligations, infringes on Plaintiffs' trademark rights in the future. *See MetroPCS v. Devor*, 215 F. Supp. 3d 626, 639-40 (N.D. Ill. 2016) (finding that no adequate remedy at law other than a permanent injunction exists because the defendant will likely continue its infringing conduct). Because of the difficulty of quantifying harm in trademark cases, the likelihood that the infringing conduct will continue, and the harm to Plaintiffs' goodwill caused by Defendant's infringing conduct, the Court finds that Plaintiffs have shown that they do not have an adequate remedy at law.

Following the law is not a hardship. *See MetroPCS*, 215 F. Supp. 3d at 640 (noting that an injunction requiring compliance with the law posed no burden on a defendant). Here, any hardship imposed on the Defendant stems from following the law, and it is greatly outweighed by the hardships that Plaintiffs face, including damage to its goodwill. The Court finds that the balance of hardships weighs in favor of Plaintiffs and issuing an injunction.

And finally, the Seventh Circuit has found that the public interest is served by an injunction enjoining the use of infringing trademarks because "enforcement of the trademark laws prevents consumer confusion." *Eli Lilly & Co.*, 233 F.3d at 469 (citing *Abbott Lab'ys*, 971 F.2d at 19). Therefore, the Court finds that the public interest weighs in favor of issuing an injunction.

In sum, the Court finds that Plaintiffs have shown that they will suffer irreparable injury in the absence of an injunction, that there is no adequate remedy at law, that the balance of hardships weighs in favor of issuing an injunction, and that issuing an injunction would serve the

5

public interest. Accordingly, the Court finds that Plaintiffs are entitled to a permanent injunction, as requested in Plaintiffs' Amended Motion for Default Judgment against Defendants [DE 9]. The terms are as follows:

1. Defendant Luxury Mattress, its officers, agents, affiliates, servants employees, and attorneys, those persons in active concert or participation with Defendant Luxury Mattress, any other aliases or company names under which Defendant Luxury Mattress conducts or attempts to conduct business, and all persons, companies, and entities acting on behalf of Defendant Luxury Mattress be permanently enjoined from, directly or indirectly, continuing their actions in violation of the Lanham Act, and specifically shall cease permanently the following activities:

    a. using the TEMPUR SEALY Marks or any other trade name, trademark, trade dress, service mark, domain name, designation, symbol, or device containing the TEMPUR SEALY Marks, or any variant or any colorable imitations thereof in a manner that is likely to confuse or deceive consumers including any reproduction of TEMPUR SEALY logos or advertising materials in advertising or signage that suggest that Defendant is affiliated with or approved by TEMPUR SEALY as an authorized retailer of TEMPUR SEALY Products;

    b. promoting, offering for sale, or selling Non-Genuine Products or competing products using TEMPUR SEALY Marks through any retail store, via the Internet, or through any other means or channels of trade now or hereafter developed;

    c. making any false or misleading representation of fact concerning the source, nature, quality, or characteristics of their businesses, products or services, or

warranty bearing, using, or advertised as sold by Defendant Luxury Mattress under or in connection with TEMPUR SEALY Marks, including but not limited to representing falsely that their products are covered by a Tempur Sealy Warranty or that Defendant Luxury Mattress is an authorized retailer;

d. making any false or misleading representation of fact concerning the source, nature, quality, or characteristics of TEMPUR SEALY Products;

e. doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Defendant Luxury Mattress's products/services, as to the source, nature, composition, or quality of products and/or services created, developed, produced, distributed, marketed, advertised, promoted, sold, or offered for sale by Defendant Luxury Mattress;

f. doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Defendant Luxury Mattress's products/services, as to the status of Defendant Luxury Mattress's products as genuine TEMPUR SEALY Products that come with all the benefits of Tempur Sealy's brand;

g. doing any act or thing calculated or likely to deceive members of the public or trade, or prospective purchasers, into believing that there is some affiliation, sponsorship, or connection between Defendant and Tempur Sealy or that Defendant's products and/or services are being created, developed, manufactured, distributed, marketed, advertised, promoted, sponsored, offered

for sale, or sold by Tempur Sealy or with Tempur Sealy's authorization, consent, approval, or permission;

2. That Defendant Luxury Mattress be permanently enjoined from all commercial advertising bearing the TEMPUR SEALY Marks, including:

    a. on the commercial website www.bestpriceonbeds.com or any other web site controlled by Defendant Luxury Mattress or its principals, employees, or agents,

    b. on social media accounts associated with and controlled by Defendant or its principals, employees or agents,

    c. inside or outside of its retail showrooms located at 605 McCord Road, Valparaiso, Indiana 46383 or other retail showrooms operated or owned by Defendant or its principals, employees or agents, and

    d. on commercial vehicles used to operate any business conducted by Defendant or parked in and around Defendant's retail showrooms.

3. That Defendant Luxury Mattress is permanently enjoined from using the TEMPUR SEALY Marks to advertise a Therm-A-Sleep pillow that is not genuine or any other non-genuine product that does not emanate from Tempur Sealy.

4. That Defendant Luxury Mattress disclose to its customers that any products offered for sale bearing the TEMPUR SEALY Marks are not new genuine products that emanate from Tempur Sealy, and as a result, do not carry the Tempur Sealy new product warranty.

5. That Defendant Luxury Mattress, pursuant to 15 U.S.C. § 1118, shall be ordered to deliver up for destruction all signage, labels, banners, signs, prints, wrappers, receptacles, articles, advertisements, and promotional materials in their possession or

      control bearing TEMPUR SEALY Marks, or any variants thereof or any name or mark confusingly similar thereto;

6. That Defendant Luxury Mattress, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Tempur Sealy within thirty days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction;

7. That should Defendant Luxury Mattress fail to voluntarily deliver up for destruction all signage, labels, banners, signs, prints, wrappers, receptacles, articles, advertisements, and promotional materials in their possession or control bearing TEMPUR SEALY Marks, or any variants thereof or any name or mark confusingly similar thereto, Tempur Sealy may provide evidence of such failure and petition this Court for an order allowing law enforcement to enter onto and into the premises of Defendant Luxury Mattress for the purpose of removing signage, labels, banners, signs, prints, wrappers, receptacles, articles, advertisements, and promotional materials in their possession or control bearing TEMPUR SEALY Marks in accordance with this Judgment.

    **iii.**    **Relief in the Form of Damages**

In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *U.S. v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *Id.* But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *Id.*

9

Here, Plaintiffs repeatedly cite $20,000 as the amount they are owed in damages. [DE 8, page 8; DE 9, page 7]. However, they provide no accounting, affidavit, or other record to substantiate this amount. As a result, the Court is unable to award damages at this juncture, and instead will set a hearing on damages.

## **CONCLUSION**

For the above reasons, the Motion for Default Judgment [DE 8] is DENIED, and the Amended Motion for Default Judgment [DE 9] is GRANTED. The Court ORDERS default judgment be entered in favor of Plaintiffs and against Defendant. It is FURTHER ORDERED that Defendant is subjected to the Injunctive Relief terms on pages 6-9 of this Order. A hearing will be set to address the question of damages by separate order.

SO ORDERED.

ENTERED: May 20, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court